UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHYNIECE ALCORN, | ) |
| PLAINTIFF, | ) ) ) |
| V. | ) Case No. 1:14-cv-00557 ) |
| | ) Honorable Elaine E. Bucklo |
| MIDLAND FUNDING, LLC, MIDLAND CREDIT MANAGEMENT, INC., and ENCORE CAPITAL GROUP, INC., | ) ) Magistrate Judge Sheila M. Finnegan ) ) ) |
| DEFENDANTS. | ) ) |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS MIDLAND CREDIT MANAGEMENT, INC. AND MIDLAND FUNDING, LLC'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Plaintiff, Phyniece Alcorn, by and through her attorneys, The Law Office of M. Kris Kasalo, Ltd, respectfully moves this Court pursuant to Fed. R. Civ. P. 12(f) to strike portions of Defendants Midland Credit Management, Inc. and Midland Funding, LLC's Answer to Complaint. Plaintiff states the following in support of its motion:

1.     Plaintiff filed the instant action on January 26, 2014. (Doc.#1, Complaint).

2.     On March 5, 2014, Defendants filed their Answer to Plaintiff's Complaint. (Doc.#6, Defendants Midland Credit Management, Inc. and Midland Funding, LLC's Answer to Complaint).

3.     On April 22, 2014, Plaintiff's counsel emailed counsel for Defendants to attempt to discuss Defendants' Answer and Affirmative Defenses, which does not comply with either Fed. R. Civ.P. 8 or 9.  (Exhibit A, Email). Defendants did not call or respond to the email in any way, prompting Plaintiff to file the instant Motion.

1

## Defendants Improperly Assert Lack of Knowledge or Information on Readily Answerable Matters

4. Defendants' Answer asserts that both Midland and MCM "lack knowledge or information" on the following readily answerable matters: whether their acts and transactions took place within this district; whether Plaintiff resides in this district; whether Plaintiff ever incurred the alleged debt which Defendants are attempting to collect, whether the alleged debt went into default, whether the alleged debt was ever assigned or placed with defendants, whether Plaintiff was served with Midland's state court complaint, whether Plaintiff repeatedly informed Midland's counsel in the State Action that she disputed the alleged debt, and whether Plaintiff filed a motion to dismiss the State Action. (Doc.#6, Answer ¶¶ 2, 21, 22, 23, 27, 37, & 38).

5. Further, Defendants' Answer asserts that Midland "lacks knowledge or information" on whether Defendants use the mail and telephone to collect consumer debts. (Doc.#23, Answer ¶ 5).

6. After disavowing matters that are readily answerable and necessarily within Defendants' knowledge that bear directly on whether Midland and MCM violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., Defendants somehow thereafter deny that any violations occurred. (*See*, e.g., Doc.#6, Answer ¶46). Defendants' counsel cannot be allowed to advance the client's lack of knowledge and information sufficient to form a belief as to readily ascertainable information and still, in the objective good faith required by Fed. R. Civ.P. R. 11(b), deny the violations alleged in ¶ 46 of the Complaint. *See Hyatt v. Experian*, 2010 U.S. Dist. LEXIS 109336 (N.D.Ill. 2010)

7. For example, Plaintiff has alleged, *inter alia*, that Defendants have violated 15 U.S.C. § 1692e(8), which forbids a debt collector from communicating credit information which is known or which should be known to be false. (Doc. #1, Complaint, ¶46).

2

8. Midland and MCM both assert they do not know if the alleged debt was assigned, placed, or otherwise transferred to them for collection from Plaintiff. (Doc. #6, Answer ¶23). Despite their admitted lack of knowledge of whether the account was even placed with them for collection, Midland and MCM have denied communicating credit information which is known or should be known to be false. (Doc #6, Answer ¶46).

9. Similarly, Midland asserts it does not know, during the course of its state court collection case against Plaintiff, whether Plaintiff repeatedly informed Midland's counsel that she disputed the alleged debt. (Doc. #6, Answer ¶ 37). Yet Midland thereafter denies that it failed to communicate the fact of Plaintiff's dispute to the Experian credit reporting agency when it next communicated information regarding the alleged debt to Experian, in violation of 15 U.S.C. § 1692e(8). (Doc. #6, Answer ¶ 53).

10. Midland and MCM cannot be allowed to have it both ways. In other words, Defendants' counsel cannot advance its clients' lack of knowledge and information sufficient to form a belief as to the paragraphs alleged by Plaintiff that state the substance of Defendants' collection activity and communications, and still, in the objective good faith required by Rule 11(b), deny the allegations of wrongdoing stemming from that activity asserted in Plaintiff's Complaint, ¶¶44-60. Defendants' Answers must therefore be stricken as insufficient.

**Defendants' Refusal to Answer on the Basis that a Given "Document Speaks For Itself" and that an Allegation "calls for a conclusion of law to which no response is required" Are Inadequate and Improper Under the Pleading Rules, and Should be Stricken**

11. Defendants' Answer asserts that the following allegations by Plaintiff cite to exhibits which "speak" for themselves: whether Midland caused its alleged debt to appear on Plaintiff's Experian credit report, whether Midland caused its tradeline to indicate a balance of $17,170, whether Midland filed a Complaint in the Circuit Court of Cook County, whether its Complaint indicated a balance due of $12,294.47, whether an affidavit was attached to its

Complaint, whether the affidavit states the Plaintiff owed a balance of $12,294.47, whether its affidavit states that a payment posted to Plaintiff's account, whether that payment was credited, whether Plaintiff sent a letter to Midland's counsel, whether Midland's State Action was dismissed for want of prosecution, and whether Midland failed to communicate the fact of Plaintiff's dispute to Experian when it communicated information regarding Plaintiff's account to the Experian credit reporting agency. (Doc.#6, Answer ¶¶ 24, 25, 26, 28, 29, 30, 31, 41, 42, & 43).

12. Defendants Answers are inadequate, as they are required to employ one of three alternatives that are permitted by Rule 8(b) in response to Plaintiff's allegations about the contents of documents, **and may not respond to complaint allegations about contents of documents by saying that the "document speaks for itself."** *See State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001) (such a statement is an unacceptable device used by lawyers who would prefer not to admit something that is alleged about a document in a complaint).

13. In fact, Defendants employ the speaking documents device to answer allegations of Plaintiff's Complaint even when no reference is made, in the allegation, to *any* document. (Doc.#6, Answer, ¶¶ 25, 27, 28, 29, 30, 31, 33).

14. Further, Judges in this district have observed, "Unacceptable devices now familiar in this district include: refusing to admit something that is alleged about a document . . . and declining to respond to an allegation because it 'states a legal conclusion'" *Donnelly v. Frank Shirey Cadillac, Inc.*, Case No. 05 C 3520, 2005 U.S. Dist. LEXIS 22158 * 2-3 (N.D. Ill. Sept. 29, 2005) (Ashman, J.) (*citing State Farm Mut. Auto Inc. v. Riley*, 199 F.R.D. 276, 278-79 (N.D. Ill. 2001); *King Vision Pay Per View, Ltd. V. J.C. Dimitri's Rest., Inc.*, 180 F.R.D. 332, 333-34 (N.D. Ill. 1998)). "[R]efusing to answer an allegation because it calls for legal

4

conclusions 'flies in the face of the established doctrine that legal conclusions are a proper part of federal pleading, to which Rule 8(b) also compels a response.'" *Id*. at * 6 (*quoting* 1999 U.S. Dist. LEXIS 12432,(citing *Neitzke v. Williams*, 409 U.S. 319, 325 (1989); *Jackson v. Marion County*, 66 F.3d 151,153-54 (7th Cir. 1995).

15. Defendants responses to paragraphs 2, 10, 13, 17, 47, 61 of the Complaint each impermissibly indicate that "no response is required" on the basis that the allegation calls for a conclusion of law. Said responses violate Rule 8(b) and demonstrate Defendants' evasiveness in answering ultimate facts, apparently to avoid liability on the claims. As such, Plaintiff seeks to have those paragraphs stricken, and requests that the Court order the Defendants to properly answer the allegations under Rule 8(b).

**Defendants Improperly Deny That Plaintiff's Claims Are Subject to Consideration By A Jury**

16. Defendants allege they rely on Plaintiff's jury demand, but deny that all claims are subject to consideration by a jury, even though Plaintiff only brings claims filed under the provisions of the FDCPA—which entitles Plaintiff to a trial by jury. Midland and MCM fail to indicate which of Plaintiff's claims, if any, are not subject to consideration by a jury.

17. In fact, all of Plaintiff's claims are subject to consideration by a jury, per her timely demand for a jury in her Complaint. (Fed. R. Civ.P. 38; Doc. #1, Complaint).

18. As Defendants provide no basis for their assertion that some of Plaintiff's claims are not subject to consideration by a jury, and further, fail to list which claims to which they are referring, Midland and MCM's Answer must be stricken as insufficient.

**Defendants' Third Affirmative Defense Should Be Stricken As It Is Not Pleaded With Particularity As Required by Fed.R.Civ.Proc. 9**

19. Defendants have alleged as a Third Affirmative Defense, as follows:

5

> **To the extent that Plaintiff's allegations are found to be true, Plaintiff's claims must be denied, in whole or in part, due to a bona fide error. MCM and Midland maintain and implement policies and procedures to ensure that communications with consumers occur within the confines of the FDCPA and other relevant laws and regulations and that such communications do not violate the FDCPA. To the extent that these policies and procedures were not followed with respect to Plaintiff in this case, any resulting violation of the FDCPA was not intentional and resulted from a bona fide error that occurred notwithstanding MCM and Midland's maintenance of procedures reasonably adapted to avoid such errors. See 15 U.S.C. § 1692k(c).**

(Doc.#6, Answer, page 18)

20. Each Defendant thus asserts the affirmative defense of "bona fide error," which is equivalent to stating that it had made a "genuine mistake." *Kort v. Diversified Collection Servs.*, 394 F.3d 530, 538 (7th Cir. 2005). The affirmative defense is thus subject to the heightened pleading requirements of Fed. R.Civ.P.9(b).

21. Federal Rule of Civil Procedure 9(a) and (b) provides as follows:

**Rule 9 PLEADING SPECIAL MATTERS**

**(a) CAPACITY OR AUTHORITY TO SUE; LEGAL EXISTENCE.**

    **(1) *In General.* Except when required to show that the court has jurisdiction, a pleading need not allege:**

    **(A) a party's capacity to sue or be sued;**

    **(B) a party's authority to sue or be sued in a representative capacity; or**

    **(C) the legal existence of an organized association of persons that is made a party.**

    **(2) *Raising Those Issues.* To raise any of those issues, a party must do so by a specific denial, which must state any supporting facts that are peculiarly within the party's knowledge.**

**(b) FRAUD OR MISTAKE; CONDITIONS OF MIND. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.**

22. "An affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives plaintiff fair notice of the nature of the defense. The only exceptions are the defenses that fall within the special

pleading provisions of Rule 9, especially Rule 9(b), which deals with fraud, mistake, and conditions of the mind." Charles Alan Wright and Arthur R. Miller, 5 FEDERAL PRACTICE AND PROCEDURE § 1274, at 455-56 (1990), as quoted in *Smith v. Wal-Mart Stores, Inc.*, No. C 06-2069, 2006 WL 2711468, at *5, 2006 U.S. Dist. LEXIS 72225 (N.D. Cal. Sept. 20, 2006); *see also United States ex rel. James Cape & Sons Co. v. Am. Home Assur. Co.*, No. 02 C 1903, 2004 WL 3119029, at *8, 2004 U.S. Dist. LEXIS 24212 (N.D. Ill. Dec. 3, 2004).

23. Rule 9(b) provides that, in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993); Fed. R. Civ. P. 9(b). "Particularity" as used in Rule 9(b) means "the who, what, when, where, and how of the mistake: the first paragraph of any newspaper story." *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997) (citation omitted).

24. One of the purposes of Rule 9(b) is to discourage the filing of complaints with vague conclusions "as a pretext for discovery of unknown wrongs." *Madonna v. United States*, 878 F.2d 62, 66 (2d Cir. 1989). This reasoning, however, applies with equal weight to Defendants' conclusory affirmative defenses, which state none of the requisite "whos, whats, whens, wheres, and hows," and should therefore be stricken. (See, e.g., *Beigl v. Northwest Collectors, Inc.*, 2012 U.S. Dist. LEXIS 28675 at *2 (N.D. Ill. Mar. 5, 2012); *Lowe et al v. Diversified Consultants, Inc.*, 2012 U.S. Dist. Lexis 123650 at *2-3 (August 30, 2012); *Konewko v. Dickler, Kahn, Sloikowsi & Zavell, Ltd.*, 2008 U.S. Dist. LEXIS 40685 at *2-3 (May 14, 2008) (Exhibit B, Copies of *Beigl, Lowe, Konewko* decisions).

25. Federal Rule of Civil Procedure 12(f) states that a party may move to strike "from any pleading any insufficient defense....". "Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Heller Fin., Inc. v.*

7

*Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (citation omitted). Affirmative defenses that do not comport with the pleading rules may be stricken. *Id.*

26. The sufficiency of an affirmative defense is examined with a three-prong analysis: "(1) whether the matter is appropriately pleaded as an affirmative defense; … (2) if it is adequately pleaded under the requirements of Rules 8 and 9; and … (3) whether the affirmative defense meets the Rule 12(b)(6) standard." *Thomas v. Exxon Mobil Corp.*, No. 07 C 7131, 2009 WL 377334, at *1 (N.D. Ill. Feb. 11, 2009) (Guzman, J.) (citations and quotations omitted).

27. This motion concerns the second prong: Each Defendant alleges that their FDCPA violations were the result of a bona fide error, **and thus mistake**, but neither Defendant specifies the "who, what, when, where, and how" of the mistake alleged. Plaintiff thus requests that the Court strike this defense for failure to comply with Fed. R. Civ. P. 9(b) and require each Defendant to plead its alleged "mistake" with particularity, including the "whos, whats, whens, wheres, and hows" of the error . (See, e.g., *Beigl v. Northwest Collectors, Inc*., 2012 U.S. Dist. LEXIS 28675 at *2 (N.D. Ill. Mar. 5, 2012); *Lowe et al v. Diversified Consultants, Inc*., 2012 U.S. Dist. Lexis 123650 at *2-3  (August 30, 2012); *Konewko v. Dickler, Kahn, Slowikowsi & Zavell, Ltd*., 2008 U.S. Dist. LEXIS 40685 at *2-3 (May 14, 2008) (Exhibit B, Copies of *Beigl, Lowe, Konewko* decisions).

28. Further, since Midland and MCM assert that they do not know if the alleged debt was assigned, placed, or otherwise transferred to them for collection (Doc #6, Answer ¶ 23), nor whether Plaintiff repeatedly disputed owing the alleged debt (Doc. #6, Answer ¶ 37), they cannot also be heard to assert the affirmative defense that they have procedures in place to prevent violation of the FDCPA, i.e., that they have procedures in place to ensure that a consumer's dispute is communicated along with other information communicated to a consumer reporting agency. Defendants cannot credibly assert a defense when they do not seem to keep a record, or

know of Plaintiff's prior disputes, nor even if the alleged debt has been assigned to them for collection.

29. At the least, any procedure claiming to be adapted to prevent violation of this section would require that both the date of Plaintiff's disputes, and the balance due on the alleged debt, be memorialized in Defendants' record-keeping system. Defendant in effect is stating "I don't know any of the facts relevant to the defense, but I know that the defense exists"—an impermissible and impossible combination. For these reasons, Defendant's Third Affirmative Defense of *bona fide error* should be stricken.

WHEREFORE, Plaintiff prays for the following:

   a) That Defendants' Answers to ¶¶ 2, 5, 21, 22, 23, 27, 37, & 38 be stricken as being readily answerable and necessarily within Defendants' knowledge, and thus insufficient as asserted;

   b) That Defendants' Answers to ¶¶ 24, 25, 26, 28, 29, 30, 31, 41, 42, & 43 be stricken as improper pursuant to Fed.R.Civ.P. 8(b);

   c) That Defendants' Third Affirmative Defense be stricken pursuant to Fed.R.Civ.P. 9(b);

   d) That Defendants' denial that Plaintiff's claims are subject to consideration by a jury be stricken; and,

   e) For any other and further relief this Court deems just.

Respectfully submitted,

Phyniece Alcorn

By: s/ Mario Kris Kasalo
Attorney for Plaintiff

**The Law Office of M. Kris Kasalo, Ltd.**
20 North Clark Street, Suite 3100
Chicago, Illinois 60602
tele 312.726.6160
fax 312.698.5054
mario.kasalo@kasalolaw.com

# CERTIFICATE OF SERVICE

I, <u>Mario Kris Kasalo</u>, an attorney, certify that I shall cause to be served a copy of **PLAINTIFF'S MOTION TO STRIKE DEFENDANTS MIDLAND CREDIT MANAGEMENT, INC. AND MIDLAND FUNDING, LLC'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** in this case that will be served via the method stated below, upon the following, on April 30, 2014:

| | | |
|---|---|---|
| __X_ | CM/ECF | *Attorney(s) for Defendant(s)* |
| ____ | Facsimile | Theodore W. Seitz |
| ____ | Federal Express | Bryan Anderson |
| ____ | UPS | Dykema Gossett PLLC |
| ____ | Mail | 10 S. Wacker Drive Suite 2300 |
| ____ | Messenger | Chicago, IL 60606 |
| ____ | Email | banderson@Dykema.com |
| ____ | USPS Mail | tseitz@dykema.com |